THE PEOPLE on the relation of Catherine Lawson *vs.*
McCAFFREY.

If a husband is in fact the tenant of premises, and has been removed from the possession by summary proceedings under the statute, for the non-payment of rent, without due notice, he alone is entitled to judgment of restitution; and he alone should be the relator in a certiorari to review and reverse the proceedings and judgment. The court can not order restitution in favor of the wife, or other person not a party to the proceedings. SUTHERLAND, J. dissented.

CERTIORARI to review certain summary proceedings, had before a justice of a district court in the city of New York, under the statute, to remove the relator from certain premises in West 33d street, for non-payment of rent to McCaffrey, the landlord.

The premises in question have been owned by the landlord for a number of years, and a portion thereof had been let to the relator as a monthly tenant, for some time before May, 1864. About the 13th of May last, Mr. Joseph McGuire, who was about that time appointed agent, by the landlord, called upon the tenant, Mrs. Lawson, and notified her, that on the first day of the following month, the rent of the rooms which she occupied would be raised to $10.75 per month, payable monthly in advance. On the 1st of June, he called upon her to ascertain what she determined to do, (whether to leave or to pay the increased rent,) when she informed him that she would remain and pay the increased rent, and promised to send the same to him. This she neglected to do, and on the 8th of that month proceedings were commenced. On the return of the summons, the relator appeared before the justice, and filed an affidavit, denying the facts upon which the summons issued, and setting forth, by way of plea in abatement, that she was a married woman; that her husband was living, and resided with her on the premises in question. And she insisted that the proceedings should have been commenced against her husband; that he occupied the premises with her, and he alone was liable for the rent. And she

The People *v.* McCaffrey.

contended that none of the various statutes passed relative to contracts by married women, have removed their common law disability to make contracts, or changed the rules of law in regard to them, excepting so far as concerns their separate estate, or business carried on by them on their own account, and the contract relied on by the landlord in the present case had no reference to any trade carried on by the relator, nor was it for the benefit of her separate estate. Also that before a proceeding of this kind can be maintained, a demand must be made on the person owing the rent, (3 *R. S.* 836, *subd.* 2 *of* § 28, *5th ed. Crary's Special Proceedings,* 456.) That the husband alone being liable for the rent, he was the person owing the same, and the demand should have been made of him. And that even if the relator hired the premises, it would not alter the effect, for the law presumes a wife acts as the agent of her husband, in all matters relating to the household.

A motion for a dismissal of the proceeding was overruled, and decision excepted to. The justice ordered a warrant to issue, to put the landlord into the possession of the premises, and the same was executed.

*David McAdam,* for the relator.

*J. B. Tully,* for the landlord, insisted (among other things,) that the second ground upon which the tenant's counsel moved to dismiss the proceedings was untenable. There is nothing in the law as it now stands rendering a married woman incapable of making a contract of hiring, such as was proved in this case ; and where a married woman is sued in matters relating to her separate obligations or contracts, the husband is not a necessary nor even a proper party. (*Laws of* 1860, *pp.* 157, 8. *Laws of* 1862, *p.* 344.) But if. the proceeding before the justice should have been against the relator's husband, then this writ is improperly allowed, for he is the true tenant, and alone entitled to claim the restitu-

tion which is sought and demanded by the relator. How could this court order a restitution to a person who was never the tenant, and who, by her own showing, has no standing in court? (3 *R. S.* 839, *5th ed.* § 48.)

CLERKE, J. It is scarcely necessary, on the present occasion, to consider the effect of the statutes of 1860 and 1862, "concerning the rights and liabilities of husband and wife," upon the capacity of a married woman to become liable as the tenant of premises, not connected with or used for any trade or business, which she may be carrying on. In these proceedings, the relator attempts to show that her husband, and not herself, bears the relation of tenant to the defendant. This is altogether inconsistent with the allegations in her petition, in which she states that she is aggrieved by the judgment and adjudication of the justice. If her husband is, indeed, the tenant, and has been ejected from the premises without due notice, he alone is entitled to judgment of restitution; and he alone should be the relator in these proceedings. We can not order restitution in favor of a person not a party to the proceedings.

The judgment of the justice should be affirmed, and the *certiorari* dismissed without costs.

LEONARD, P. J. concurred.

SUTHERLAND, J. I can not concur. It is very plain to me that the proceeding should have been against the husband of the relator, as tenant.

Judgment affirmed.

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]